UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:16CR222(JBA) |
| v. | |
| ALIYAH THERESA JULIATE DAVIS | June 7, 2017 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this memorandum for the sentencing of the defendant Aliyah Theresa Juliate Davis, which is scheduled for June 19, 2017.

I.  INTRODUCTION AND BACKGROUND

On November 3, 2016, the defendant pled guilty to a four-count Information charging Wire Fraud, in violation of 18 U.S.C. § 1343; Passport Fraud, in violation of 18 U.S.C. § 1542; False Statement, in violation of 18 U.S.C. § 1001; and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

II.  FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT

The presentence report ("PSR") calculates the defendant is a criminal history category II, resulting in an imprisonment range of 36 to 42 months.

III. Discussion

    A. Determining an Appropriate Sentence Post-Booker

Although the Sentencing Guidelines are no longer mandatory, they must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a).  *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Crosby*, 397 F.3d 103, 110 (2d Cir. 2005); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process"). Ultimately, a

district court's sentence is reviewed for reasonableness. *Booker*, 543 U.S. at 260-61; *Crosby*, 397 F.3d at 114-15. Reasonableness is a flexible concept and district courts are given latitude in their exercise of discretion to fashion an appropriate sentence, even a non-Guidelines sentence. *See United States v. Jones*, 460 F.3d 191 (2d Cir. 2006).

The Second Circuit has instructed district judges to consider the Guidelines "faithfully" when sentencing. *Crosby*, 397 F.3d at 114. The fact that the Sentencing Guidelines are no longer mandatory does not reduce them to "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Crosby*, 397 F.3d at 113. Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46, district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *Kimbrough v. United States*, 552 U.S. 85, 107 (2007). The Second Circuit has "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough*, 552 U.S. at 89 ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'") (*quoting Rita v. United States*, 551 U.S. 338, 350 (2007)).

In this case, the sentence should reflect the considered judgment of the Sentencing Commission, "an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider," *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir.

2006), and is "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46.

  C. <u>The Section 3553 Factors</u>

Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The statute then provides that "[t]he court, in determining the particular sentence to be imposed, shall consider:"

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3) the kinds of sentences available;

  (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

  (5) any pertinent policy statement [issued by the Sentencing Commission];

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  The defendant's criminal conduct in this matter is extremely serious, which weighed in view of the factors set forth in § 3553(a), support a sentence of imprisonment as well as substance abuse treatment and mental health counseling.  *See* 18 U.S.C. § 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines).  As explained below, the § 3553(a) factors justify a substantial sentence of imprisonment.

  1. <u>The Nature and Circumstances of the Offense</u>

  By engaging in the conduct outlined in the Information, the defendant committed very serious offenses.  The defendant's conduct is compounded in this case due to the fact that she engaged in the conduct despite being recently sentenced to 51 months imprisonment for similar fraudulent behavior.  Thus, the nature and circumstances of the offenses are extremely serious.

  2. <u>The Defendant's History and Characteristics</u>

  As the PSR states, the defendant had a difficult childhood.  Against this backdrop, the defendant to her credit appeared to be a hard worker and obtained employment.  The defendant also reports substance abuse issues and mental health problems.  The PSR, however, does not distinguish the defendant from many other individuals within the criminal justice system.

  3. <u>The Sentence Must Promote Respect for the Law</u>

  The sentence in this case must reflect the seriousness of the offenses, promote public respect for the law, and demonstrate that as a society we treat very seriously crimes involving fraud and identity theft. Here, the defendant engaged in the instant conduct while on release for similar

fraudulent conduct. Moreover, she defrauded the court by preparing and causing to be submitted letters that misrepresented her true medical condition. In doing so, she stole the identities of several doctors. In this instance, the sentence should promote respect for the law and provide just punishment for a crime that continues to impact law-abiding victims and jeopardize the safety of all law-abiding citizens.

4. Protect The Public From the Defendant and Deterrence

In addition, the court should impose a term of imprisonment to protect the public from further crimes of the defendant. Specific and general deterrence counsel in favor of a substantial sentence. First, the defendant has prior convictions for similar conduct and thus a term of incarceration is needed to dissuade her from continuing to engage in criminal conduct. Moreover, a substantial sentence will serve as a general deterrence to others who may choose to engage in similar conduct. A sentence that does not include a significant period of imprisonment sends the wrong message. As such, the sentence in this case should deter like-minded individuals and send a strong message that such criminal activity and flagrant disregard of the law will not be tolerated by this Court. *See* 18 U.S.C. § 3553(a)(2)(B).

V. CONCLUSION

The Government respectfully requests that the Court impose a sentence consistent with the factors outlined above.

> Respectfully submitted,
>
> DEIRDRE M. DALY
> UNITED STATES ATTORNEY
>
> */s/ Douglas P. Morabito*

        DOUGLAS P. MORABITO
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. CT20962
        157 Church Street; 23rd Floor
        New Haven, Connecticut   06510
        (203) 821-3810
        Douglas.morabito@usdoj.gov

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on June 7, 2017 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ *Douglas P. Morabito*

        DOUGLAS P. MORABITO
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar Number: CT20962
        157 Church Street, 23rd Floor
        New Haven, CT 06510
        (203) 821-3700